FLAUM, Circuit Judge,
concurring in the judgment.
I concur in the judgment. Unlike the majority, I have doubts that the Second Amendment grants undocumented immigrants the right to bear arms, as my read of District of Columbia v. Heller, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), does not suggest such an expansive interpretation. But because we need not *674 make that determination in reaching our result in this matter, I would follow the Tenth Circuit’s prudential approach and reserve resolution of this challenging constitutional question for a case that compels addressing it. See United. States v. Huitron-Guizar, 678 F.3d 1164, 1169-70 (10th Cir.2012).
In choosing to confront the issue, the majority roots its constitutional analysis in the common use of the phrase “the people” by the First, Second, and Fourth Amendments, and the Supreme Court’s suggestion in United States v. Verdugo-Urquidez, 494 U.S. 259, 265, 110 S.Ct. 1056, 108 L.Ed.2d 222 (1990), that all persons, regardless of citizenship, who are part of our “national community” or who manifest a “sufficient connection with this country” are entitled to the rights that those amendments bestow. That view is not without appeal. Indeed, Heller describes the Second Amendment’s guarantee as an “ancient right,” codified in the constitution “to prevent the elimination of the militia,” but also “valued ... for self-defense and hunting.” 554 U.S. at 599, 128 S.Ct. 2783. Hence, it might be argued that all adult persons in this country share the same basic need to defend themselves. Further, Heller tells us that “the conception of the militia at the time of the Second Amendment’s ratification was the body of all citizens capable of military service.” Id. at ■627, 128 S.Ct. 2783. Today, that includes certain undocumented immigrants. See Andrew Tilghman, Military to Allow Undocumented Immigrants to Serve, USA Today (Sept. 25, 2014, 5:22 PM), http:// www.usatoday.com/story/news/nation/2014/ 09/25/policy-to-allow-undocumented-immigrants-in-military/16225135/.
Conversely, who is part of our “national community” and whether (and how) an undocumented immigrant can establish a “sufficient connection” under Verdugo-Urquidez remains unsettled. And Heller provides considerable reason to doubt that an undocumented immigrant can enjoy Second Amendment rights at all. The Court’s analysis professes to “start ... with a strong presumption that the Second Amendment right is exercised individually and belongs to all Americans.” Id. at 581, 128 S.Ct. 2783 (emphasis added). It also characterizes “the people” as referring “to all members of the political community,” id. at 580, 128 S.Ct. 2783, and describes the Second Amendment as “the right of law-abiding, responsible citizens,” id. at 635,128 S.Ct. 2783 (emphasis added).
However, as the majority recognizes, Heller only addressed the question whether the right protected by the Second Amendment is an individual or a collective one, not which individuals possess the right. See Heller, 554 U.S. at 635, 128 S.Ct. 2783 (“[S]ince this case represents this Court’s first in-depth examination of the Second Amendment, one should not expect it to clarify the entire field.... ”). In any event, the question of who possesses the right need not be answered to reach our outcome here, because regardless of the answer 18 U.S.C. § 922(g)(5) satisfies intermediate scrutiny and thus passes constitutional muster.
Accordingly, I would refrain from addressing the scope of the Second Amendment and, further, creating a conflict with the law of the Fourth, Fifth, and Eighth Circuits.